IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DONNA RUTLEDGE                                                                                              PLAINTIFF

V.                                                                          CIVIL ACTION NO.: 4:08cv65 DPJ-JCS

HARLEY-DAVIDSON MOTOR COMPANY                                                         DEFENDANT

ORDER

This products liability action is before the Court on Defendant Harley-Davidson Motor Company's Motion for Summary Judgment [20]. Having fully considered the parties' submissions and the relevant authorities, the Court finds that Defendant's motion should be granted.

I.      **Facts and Procedural History**

On December 13, 2006, Plaintiff Donna Rutledge purchased a new model XL883L motorcycle designed and manufactured by Defendant Harley-Davidson. On December 29, 2006, Plaintiff was unable to steer the motorcycle through a curve in the road, crashed, and sustained serious injuries.

Approximately one month after the accident, on January 22, 2007, Defendant mailed the first of two recall notices stating that it had "decided that a defect relating to motor vehicle safety exists on certain 2007 XL model motorcycles" built during a specific six month period in 2006. The list of affected models included the XL883L, and the notice stated, "Our records indicate that you purchased one of the model motorcycles listed above that may have the condition involved in this recall." More specifically, the notice indicated that certain motorcycles had a voltage regulator which, due to its size and location and under certain circumstances, could come into contact with the front fender, impeding the operator's ability to steer the vehicle.

Plaintiff filed this diversity action on June 24, 2008, averring negligence, breach of warranty, and strict products liability. After nearly six months of discovery, Defendant filed its motion for summary judgment on March 18, 2009.

## II.     Analysis

### A.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the records and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 App'x 296, 300 (5th Cir. 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Instead, when the movant shows the absence of a genuine

issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment. *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). For the purposes of a summary judgment inquiry, the Court may not consider inadmissible evidence. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

B.  Defendant's Motion for Summary Judgment

Plaintiff seeks damages for negligence, breach of implied warranty, and strict liability theories under the Mississippi Products Liability Act, Mississippi Code Annotated section 11-1-63(a). Each claim requires proof that Defendant breached its duties. *See Washington v. Gen. Motors Corp.*, No. 4:06CV89, 2008 WL 1782344, at *3-4 (N.D. Miss. Apr. 17, 2008) (granting summary judgment in a products liability case, including strict liability and implied warranty claims, for lack of evidence of a "specific defect" in a battery that exploded in plaintiff's face); *Winfun v. DaimlerChrysler Corp.*, No. 3:05CV138-D-A, 2006 WL 3511480, at *2 (N.D. Miss. Dec. 5, 2006) (granting summary judgment of product claims for lack of expert testimony); *Farris v. Coleman Co., Inc.*, 121 F. Supp. 2d 1014, 1017-1018 (N.D. Miss. 2000) ("To establish

3

a breach of merchantability, a plaintiff must prove the goods had a defect which caused plaintiff's damage. . . . The plaintiffs have failed to produce sufficient evidence of a defect in the cooler and power cord, and therefore, summary judgment is appropriate on plaintiffs' claim of a breach of the implied warranty of merchantability.").

In general, design and manufacturing defects must be established by expert testimony. *McIntosh v. Nissan N. Am., Inc.*, No. 3:07CV60 DPJ-LRA, 2008 WL 4793743 at *3 (S.D. Miss. Oct. 28, 2008) (citing *Hammond v. Coleman Co.*, 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999)). Rather than retain an expert, Plaintiff relies exclusively on the recall notices and her own description of the accident to prove Defendant breached its duties. She argues that through the recall notices, "Harley-Davidson *admits* that these motorcycles were 'built with voltage regulator part number 74546-07 which, as a result of a greater body thickness than used in previous model years, may contact the front fender under certain conditions.'" Plaintiff's Response Memo. [25] at 4 (emphasis added). However, Federal Rule of Evidence 407, "as applied to products liability actions, prevents evidence of subsequent remedial measures from being used as a defendant's admission that a design was defective." *Mills v. Beech Aircraft Corp., Inc*., 886 F.2d 758, 763 (5th Cir. 1989).

> Rule 407 provides in relevant part:
>
> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.

Consequently, evidence of subsequent remedial measures is inadmissible to prove negligence, demonstrate culpable conduct in a breach of warranty claim, or establish product defect. Here,

4

Defendant issued the recall notices after Plaintiff's accident, and they would have made injury less likely (assuming the alleged defect actually caused the injury). The notices therefore fall squarely within the ambit of Rule 407.[1] Plaintiff's description of the accident is likewise insufficient to establish a specific defect in the product. *See McIntosh*, 2008 WL 4793743 at *3.

Because the recall notices are inadmissible to prove a defect, the only issue for which Plaintiff offers them, they cannot rebut Defendant's motion for summary judgment. "Material that is inadmissible will not be considered on a motion for summary judgment . . . ." *Geiserman*, 893 F.2d at 793; *see also Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332-33 (5th Cir. 2007) (holding that unauthenticated letters are not proper summary judgment evidence); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (holding that hearsay is not proper summary judgment evidence).

Finally, even if admissible, the recall notices do not conclusively state that Plaintiff's motorcycle had the alleged defect, something Plaintiff acknowledged in her deposition. An expert could have easily confirmed the existence of the recall condition, but that was not done, and Plaintiff has not satisfied her burden of establishing each essential element through competent record evidence.[2]

---

[1] While application of Rule 407 may seem harsh, the rule is based on sound and time honored public policy–the threat of litigation should not discourage manufacturers from taking steps designed to enhance safety and protect the public. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1343 (5th Cir. 1978). Defendant's voluntary recall is the sort of behavior that Rule 407 is intended to encourage. Finally, application of the rule is generally not dispositive because defects can be established through expert testimony without evidence of the subsequent remedial measure.

[2] Although not addressed by the parties, Plaintiff's implied warranty claim would fail for the additional reason that she did not give Defendant an opportunity to cure. *Watson Quality Ford, Inc. v. Casanova* is a similar case in which the plaintiff offered his own testimony that his

5

The Court cannot help but feel empathy for Ms. Rutledge. She clearly suffered a significant injury. However, the requirements of Rule 56 are specific, and Plaintiff has failed to meet her burden of proof. Plaintiff cannot recover "merely because there was an accident and [s]he was injured." *Hammond*, 61 F. Supp. 2d at 542.

**IV.     Conclusion**

Based on the foregoing, the Court finds that Defendant's motion for summary judgment is well-taken and should be GRANTED. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

new vehicle exhibited steering problems from day one and that on the day of the accident he heard a "pop" before losing the ability to steer. 999 So. 2d 830 (Miss. 2008). The Mississippi Supreme Court first held that there was no evidence of causation and "not one scintilla of evidence as to what caused the 'pop' or the loss of control." *Id.* at 834. Alternatively, the court held that had the plaintiff proven "that the 'pulling' problem caused the wreck, he still would have no right of recovery, as he failed to offer the defendants a chance to cure the defect." *Id.*